UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMRISH RAJAGOPALAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

NOTEWORLD, LLC,

Defendant.

CASE NO. C11-05574BHS

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

This matter comes before the Court on Defendant NoteWorld, LLC's Motion to Stay Discovery (Dkt. 19). The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court grants the motion subject to the exception listed below.

**I. PROCEDURAL HISTORY**

On July 26, 2011, Amrish Rajagopalan ("Plaintiff") filed his complaint against NoteWorld, LLC ("Defendant") on behalf of himself and all others similarly situated. Dkt. 1. On August 1, 2011, the Court issued a minute order regarding initial disclosures, joint status report and early settlement. Dkt. 8. In that order, the Court set an initial disclosure deadline of November 22, 2011. *Id*.

On October 5, 2011, Defendant filed a motion to dismiss or to stay litigation and compel arbitration. Dkt. 14. On November 14, 2011, Plaintiff responded. Dkt. 15. On December 2, 2011, Defendant replied. Dkt. 26.

On November 18, 2011, Defendant filed the instant motion to stay discovery pending the resolution of the motion to dismiss or to stay litigation and compel arbitration ("Motion to Compel Arbitration"). Dkt. 19. On December 5, 2011, Plaintiff responded. Dkt. 28. On December 9, 2011, Defendant replied. Dkt. 30.

Notwithstanding the pending motions, Plaintiff served his initial disclosures by the Court-issued deadline of November 22, 2011. Dkt. 28 at 5. Defendant did not. *Id*. The Joint Status report that the parties filed on November 29, 2011 (Dkt. 23) contemplated that the parties would exchange initial discovery requests by December 15, 2011, and that Defendant would begin ESI discovery by January 15, 2012. Dkt. 23 at 12. As of December 5, 2011, Plaintiff had not served NoteWorld with any discovery requests. Dkt. 28 at 5.

## II. DISCUSSION

A district court has broad discretion over processes governing discovery. *Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc*., 332 Fed. Appx. 387 at *2 (9th Cir. 2009) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Here, Defendant asks the Court to stay discovery pending the resolution of its Motion to Compel Arbitration. Dkt. 14. In evaluating this request, the Court acknowledges Plaintiff's desire to commence discovery consistent with the case schedule and the agreed-to Joint Status Report. At the same time, the Court recognizes that a determination on whether or not this matter is ultimately arbitrable could impact the nature and scope of discovery. Weighing these and other considerations, the Court finds that a short stay is appropriate under the circumstances. Indeed, the Court anticipates issuing a ruling on Defendant's

Motion to Compel Arbitration within days, and, accordingly, the Court finds that the limited duration of the stay will not prejudice Plaintiff's efforts to build his case.

However, the Court disagrees with Defendant's decision to withhold initial disclosures, which were due on November 22, 2011. Defendant has an independent obligation under Fed. R. Civ. P. 26(a)(1) that is unaffected by the instant motion, and Defendant may not avoid that obligation on the basis that it has a pending Motion to Compel Arbitration. To be sure, the Court has not made a final determination on the Motion to Compel Arbitration, but, until it does so, the Court requires compliance with the Civil Rules.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

1. NoteWorld's motion to stay discovery is GRANTED;
2. All discovery is stayed until such time that the Court lifts the stay; and
3. NoteWorld shall serve its initial disclosures by no later than January 16, 2012.

Dated this 9th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge