UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMRISH RAJAGOPALAN,

        Plaintiff,

v.

NOTEWORLD, LLC,

        Defendant.

CASE NO. C11-5574 BHS

ORDER GRANTING MOTION TO STAY LITIGATION PENDING APPEAL

This matter comes before the Court on Defendant Noteworld, LLC's ("Noteworld") motion to stay litigation pending appeal (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. For the reasons stated herein, the Court grants the motion.

**I. PROCEDURAL HISTORY**

On July 26, 2011, Plaintiff Amrish Rajagopalan ("Rajogopalan"), on behalf of himself and others similarly situated,[1] filed a complaint against Noteworld. Dkt. 1. Rajogopalan alleges violations of the Racketeering Influenced and Corrupt Organizations

---

[1] The class has not been certified.

Act, the Washington Debt Adjustment Act, the Washington State Consumer Protection Act, as well as state claims for aiding and abetting the commission of unfair and deceptive business conduct, breach of fiduciary duty and unjust enrichment. *Id*.

On October 5, 2011, Noteworld filed a motion to dismiss or to stay litigation pending arbitration. Dkt. 14. On November 14, 2011, Rajagopalan filed a response in opposition to Noteworld's motion. Dkt. 15. On December 12, 2011, Noteworld filed a reply. Dkt. 26. On March 6, 2012, this Court issued an order denying Noteworld's motion to compel arbitration. Dkt. 33.

On March 19, 2012, Noteworld filed a notice of appeal, appealing this Court's order denying its motion to compel arbitration. Dkt. 24. On March 20, 2012, Noteworld filed the instant motion to stay litigation pending the outcome of the appeal. Dkt. 25. On April 2, 2012, Rajogopalan responded in opposition to Noteworld's motion. Dkt. 36. On April 27, 2012, Noteworld replied. Dkt. 40.

## II. DISCUSSION

**A.   Standard for Issuance of a Stay**

In the Ninth Circuit, entry of a stay pending an appeal of an order to deny a motion to compel arbitration is discretionary. *See Britton v. Co-op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990).

Courts consider four factors when determining whether to grant a stay pending appeal of a civil order: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Lieva-Perez*, 640 F.3d 962, 964 (9th Cir. 2011) (*quoting Nken v. Holder*, 557 U.S. 418, ___ (2009). "The first two factors," *Nken* found, "are the most critical." *Id.*

While the parties dispute the standard for issuance of a stay, they do not disagree that the Court must apply the four-part test articulated above. Rather, their dispute regarding the standard centers on two issues: (1) what is the minimum quantum of likely success necessary to justify a stay (Dkts. 36 at 9 & 40 at 6); and (2) whether the "sliding scale" or "continuum" approach to balancing the four factors remains valid (Dkts. 36 at 7-8 & 40 at 6). Using Ninth Circuit precedent, the following analysis will address these two issues, if they arise.

**B. Analysis**

    **1. Likelihood of Success, or Substantial Legal Question**

According to *Leiva-Perez*, a Ninth Circuit case which helped clarify the test for traditional stays[2]: "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a 'reasonable probability' or 'fair prospect,' . . . 'a substantial case on the merits,' or that 'serious legal questions are raised.'" 640 F.3d at 967-68 (citations omitted). The court concluded that "these formulations are essentially

---

[2] The Ninth Circuit in *Leiva-Perez*, a case involving immigration matters, issued its opinion in part "to clarify our standard for *stays of removal* in light of *Nken v. Holder,* 556 U.S. 418 (2009)." 640 F.3d at 964 (emphasis added). In doing so, it interpreted the Supreme Court's decision in *Nken*, and, like *Nken*, analogized the test for stays in removal cases to that of "traditional stays," thereby attempting to clarify the Ninth Circuit's traditional stay test. *Id.* at 964-970.

ORDER - 3

interchangeable, and that none of them demand a showing that success is more likely than not." *Id.* at 968.

In the instant case, Noteworld argues that its pending appeal involves substantial legal questions. Dkt. 35 at 2. These are whether (a) the "mere possibility [that] equitable estoppel might not apply to it[s case] is an insufficient ground for finding unconscionability" (Dkt. 40 at 6-7); (b) "the Florida's choice-of-law clause rendered the arbitration agreement unconscionable" (*id.* at 7); (c) "the recovery of fees and costs would be left to the discretion of an arbitrator" (*id.*); and (d) the Court was "aware of an analogous case where a non-signatory defendant in Noteworld's position had sought to enforce an arbitration agreement against a signatory plaintiff," when Noteworld pointed the Court to numerous relevant cases. *Id*. at 7-8.

In his response brief, Rajagopalan argues that Noteworld does not satisfy the standard of having a serious legal question for appeal, and that "it has not even bothered to argue likelihood of success on appeal." Dkt. 36 at 9. He further contends that this Court's order denying his motion to compel arbitration was "well-reasoned and based on firm legal precedent, none of which changes simply because Noteworld would have preferred the Court had reached a different conclusion." *Id*.

The Court concludes that Rajagopalan is incorrect regarding Noteworld's need to "argue likelihood of success on appeal." *Id*. As noted above, the Ninth Circuit has made clear that a showing of likelihood of success on the merits is not required. *Leiva-Perez*, 640 F.3d at 967-68. Instead, as it successfully did, Noteworld may argue that substantial or serious legal questions exist for appeal. *Id*. Therefore, while this Court stands by the

reasoning and conclusions in its prior order denying Noteworld's motion to compel arbitration, it finds Noteworld's appeal presents legitimate, substantial questions as to the unconscionability determination and whether Noteworld cited cases sufficiently to support that a non-signatory in Noteworld's position could seek to enforce an arbitration agreement against a signatory plaintiff. Thus, this factor favors Noteworld.

### 2. **Irreparable Harm**

A moving party must show that harm is probable if the stay is not granted. *Leiva-Perez*, 640 F.3d at 968. "If the petitioner has not made a threshold showing of irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding stay on the other factors. *Id.* at 965 (*citing Nken*, 556 U.S. at 432-434). The threshold showing requires the petitioner "to demonstrate the irreparable harm is probable." *Id.* at 968.

Noteworld argues that it will suffer irreparable injury if litigation is not stayed pending appeal, drawing support from district court cases in the Ninth Circuit. Relying primarily on the following standard articulated in *Sample v. Brookdale Senior Living Communities, Inc.*, WL 195175 (W.D. Wash. 2012), Noteworld contends that it meets the burden of showing probable irreparable harm through the litigation expenses it will incur during the pendency of the appeal:

> "[a]lthough monetary expenses incurred in litigation are normally not considered irreparable, it is a unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration." 2012 WL 195175, at *2. "If this litigation proceeds, [the defendant] will be forced to incur costs that would defeat the important, cost-limiting purpose of arbitration agreements." *Id.* 'The court therefore held that, in the context of an appeal of an order refusing to compel arbitration,' "[the defendant] would be irreparably harmed if the Court did not enter a stay." *Id.* Dkt. 35 at 7.

*Sample's* reasoning is sound and consistent with the principles regarding the speed and economy of arbitration articulated in *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) (in determining whether denial of a stay of arbitration is appealable the court found: "if a party must undergo the expense of trial before being able to appeal a refusal to compel arbitration, the advantages of arbitration-speed and economy are lost forever"). *Sample* only involved two plaintiffs in the context of alleged employment discrimination and the court found "the [d]efendant will incur costs that would defeat the important, cost-limiting purpose of arbitration agreements." *Sample*, WL 195175, at *2. By contrast, this case potentially involves a nationwide class of action, making the probable harm to Noteworld much greater than to the defendants in *Sample. See also Lowden et al. v. T-Mobile*, WL 1896678 (W.D. Wash. 2006) (in putative class action, court held defendants would be significantly harmed if stay not issued pending appeal).

Though Rajagopalan argues that Noteworld does not meet its burden of showing probability of harm, this Court disagrees. Allowing litigation to continue while an appeal is pending[3] on a motion to compel arbitration and where the plaintiff seeks to certify a class of plaintiffs, Noteworld would be irreparably harmed. This factor favors Noteworld.

---

[3] The appellate briefing will not be complete until August 2012. Dkt. 40 at 9. The parties have not indicated when oral argument will take place, and the Court cannot know with certainty when the Ninth Circuit will render its decision. Given these unknown timeframes and that Rajagopolon seeks to certify a nationwide class, Noteworld will accumulate substantial litigation expenses during the pendency of the appeal, which may be avoided, depending on the Ninth Circuit's decision.

### 3. Substantial Harm to Other Parties

The third factor asks whether issuance of the stay will substantially injure the other parties interested in the proceeding. *Lieva-Perez*, 640 F.3d at 964.

Rajagopalan argues that he and the class members would be substantially injured by further delay. Dkt. 36 at 14. He cites the general principle that "[u]nnecessary delay increases the risk that witnesses' memories will and evidence will become stale." *Id*. at 14-15 (*citing Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (citations omitted). In doing so, he contends that this principle is "particularly applicable" here because the Front End Debt Settlement Companies ("Front DSCs") involved in this matter "unscrupulously prey on consumers in their weakest moments and then tend to disappear without a trace." Dkt. 36 at 15. He further argues the "ongoing harm to potential class members" combined with the risk "fly-by-night" Front DSCs posed is ignored by Noteworld. *Id*.

Noteworld maintains that Rajagopalan's vague concerns about evidence disappearing should be allayed by the fact that "the events giving rise to this lawsuit occurred in 2010 and the facts relative to Noteworld's nominal fees are undisputed." Dkt. 40 at 9. In Noteworld's motion, it focuses on the fact that Rajagopalan and Noteworld's relationship has ended, thereby resulting in only nominal harm, not irreparable harm, to this plaintiff because he seeks only monetary damages. Dkt. 35 at 8 (*citing Sample*, WL 195175 at *2) (court held plaintiffs will not suffer substantial harm because dispute is narrow and relationship between parties has ended, i.e. neither party will continue to be harmed during the pendency of the stay and harm to plaintiffs not

irreparable, as they seek monetary damages). On this point, the Court agrees with Noteworld.

With regard to harm to the putative class, Noteworld responds by referencing and attaching Senate Bill (SB) 6155, which apparently clarified that Noteworld was excepted from Washington's "debt-adjusting" statutes. Dkt. 40 at 9-10. Either in part or entirely because of this bill, Noteworld asserts there is "no continuing harm" to the putative class. *Id*. Additionally, in a footnote, Noteworld cursorily argues that the settlement of *Wheeler v. Noteworld*, Case No. 11-cv-0020-LRS (E.D. Wash. 2011), which "settled all claims by Washington residents arising under prior law," leaves "no remaining 'Washington interest.'" Dkt. 40 at 10 n.16. Even assuming Noteworld's references to SB 6166 and cursory argument about the settlement of *Wheeler* adequately explain how there is no continuing harm to the putative class (which they do not), Noteworld fails to explain what level of harm, if any, potential class members would suffer with regard to Rajagopalan's federal claims, which may not even overlap with any "Washington interest."

Rajagopalan cites sound Ninth Circuit precedent regarding the potential loss of evidence relating to the putative class during the pendency of an appeal. However, while his argument regarding Front DSC's possible ongoing harm to potential class members is also strong, the Court finds insufficient evidence in the record to support that specific Front DSCs associated with this matter are indeed "fly-by-night" companies "preying on consumers." Nor has a class of plaintiffs been certified. Accordingly, while Rajagopalan establishes some possibility of potential harm, the Court does not find that Rajagopalan

will suffer substantial harm were a stay granted. Given the information before the Court, it determines that this factor weighs slightly in Noteworld's favor.

### 4. Public Interest

As the court in *Sample* states:

> Policies underlying arbitration law stress the importance of judicial efficiency and economy. Disputes about whether or not parties must submit to arbitration take place against a backdrop of policies encouraging arbitration and the preservation
> of judicial resources.

WL 195175 at *2. Here, as in *Sample*, continuing to litigate in this Court during the pendency of the appeal would undermine both policies cited above because of the risk of redundant or inconsistent actions. The public interest weighs in favor of a stay.

### 5. Conclusion

Noteworld has met its burden as to each factor. Because each factor weighs either in favor or slightly in favor of granting a stay, no real balancing is necessary. As the Court discussed above, Noteworld has substantial legal questions and the balance of the factors, especially irreparable harm and the public interest, tips sharply in favor of granting a stay. *Leiva-Perez*, 640 F.3d at 971 (holding in part that Ninth Circuit continues to weigh relative equities along a continuum by showing a substantial case on the merits and that balance of hardships tips sharply in favor of a stay).

Because the Court grants Noteworld's motion to stay, it need not address Noteworld's request for extension of time to file its answer.

# III. ORDER

Therefore, it is hereby **ORDERED** that:

1. Noteworld's motion for stay of proceedings pending appeal (Dkt. 35) is **GRANTED**.

2. All other motions and deadlines are stricken from the Court's calendar, pending the outcome of the Ninth Circuit's decision.

3. The Parties are directed to promptly advise the Court when the appeal is concluded and of the result.

Dated this 11th day of June, 2012.

BENJAMIN H. SETTLE
United States District Judge